UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENE ALLEN,<br><br>                Petitioner,<br>    v.<br>STATE OF NEVADA, *et al.*,<br><br>                Respondents. | Case No. 3:23-cv-00076-MMD-CLB<br><br>ORDER |

      Petitioner Gene Allen, a *pro se* Nevada prisoner, has not properly commenced this habeas action and has failed to comply with the Court's prior order (ECF No. 5). The Court has conducted a preliminary review of the petition, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court concludes that the petition in the instant action is subject to summary dismissal.

      In February 2023, Petitioner submitted a Petition for Writ of Habeas Corpus (ECF No. 1-1). Petitioner, however, did not submit his petition on the correct form and he did not pay the $5 filing fee or submit an application for leave to proceed *in forma pauperis* ("IFP Application"). The Court instructed Petitioner to file an amended petition on the correct form and either pay the $5 filing fee or submit a complete IFP Application with all required documentation within 45 days. (ECF No. 5.) The Court warned that his failure to timely and fully comply with the order would result in a dismissal of this action without prejudice and without further advance notice. (*Id*. at 3.)

      Petitioner has not filed a complete IFP Application or paid the $5 filing fee. Although Petitioner submitted filings titled as IFP applications (ECF Nos. 10, 19), he has not filed a complete IFP Application on the Court's required form despite being provided a blank IFP Application form for incarcerated litigants with instructions. (ECF No. 5.)

      This action appears to challenge Petitioner's continued confinement and the denial

of parole by the Nevada Board of Parole Commissioners. Petitioner previously filed a habeas corpus petition in the Court challenging his continued confinement and denial of parole, filed under case number 3:14-cv-00510-RCJ-VPC and case number 3:15-cv-00088-MMD-VPC.[1] In case number 3:14-cv-00510-RCJ-VPC, Petitioner was appointed counsel and the Court granted the respondents' motion to dismiss for failure to exhaust. The Court dismissed the action for failure to comply with the Court's order to choose to stay and abey or dismiss without prejudice.

Here, Petitioner has not alleged or demonstrated that he fully exhausted his state court remedies. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is meant to give state courts the first opportunity to review and correct alleged violations of federal constitutional guarantees as a matter of federal-state comity. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan*, 526 U.S. at 844-45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

It is clear that Petitioner has not exhausted his state court remedies. Petitioner has not alleged or demonstrated that: (1) each claim in his petition was presented to each level of Nevada courts through to the Supreme Court of Nevada; (2) any proceedings before the state appellate courts concluded with the issuance of a remittitur or notice in lieu of a remittitur; and (3) the state appellate courts addressed the merits of the claims. Dismissal is appropriate.

Moreover, an inmate does not have a federal constitutional right "to be

---

[1] In case number 3:15-cv-00088-MMD-VPC, the Court dismissed the action as duplicative, since case number 3:14-cv-00510-RCJ-VPC was still pending.

conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Because habeas relief is not available for errors of state law, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. *See id*. Federal due process protection for a state-created liberty interest is "minimal"; all that is required is that "the minimum procedures adequate for due process protection of that interest" have been met." *Id*. at 220-21. The allegations in the petition fall short of establishing that the State failed to provide Petitioner with the required procedural protections when it denied him parole.

The Court will not issue a certificate of appealability, as reasonable jurists would not find the dismissal of the petition to be debatable or wrong.

It is therefore ordered that Petitioner's petition for writ of habeas corpus (ECF No. 7) is dismissed without prejudice.

It is further ordered that a certificate of appealability is denied as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

It is further ordered that under Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

It is further ordered that Petitioner's motions for appointment of counsel (ECF Nos. 3, 15), motion for production or inspection of documents (ECF No. 6), motion to extend time (ECF No. 8), applications for leave to proceed *in forma pauperis* (ECF Nos. 10, 19), motion for a docketing statement (ECF No. 13), and motion for parole hearing (ECF No. 16) are denied as moot.

///

///

The Clerk of Court is directed to enter final judgment accordingly and close this case.

DATED THIS 1st Day of May 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE